IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3402-M-RJ

| | |
|---|---|
| EMMANUEL LEE MCGRIFF EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SMALL CLAIMS COURT, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th

Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's complaint is not the model of clarity but appears to raise claims similar to those he raised in McGriff El v. Bland, No. 5:22-CT-3377-M-RJ (E.D.N.C.). Plaintiff alleges defendants Wayne County Magistrate Judge William Bland ("Bland") and Wayne County District Attorney Matthew Delbridge ("Delbridge") took improper actions in an underlying state court action. (Compl. [D.E. 5] at 5). Plaintiff asserts defendants did not honor discovery or default judgment in the state case. (Id.). Plaintiff further alleges the following:

> [Bland] knowingly, willingly, committed fraud as he knowingly has been [administering] in a capacity which he does not have jurisdiction, delegation of authority, or judicial powers delegated from the legislature. I have been [kidnapped] and forced to go inside a court room that's not a real Article III Section 2 [courtroom] but a tribunal any my personal property (Birthrights) compelled to me by what suppose to be government officials whose sole obligation is to protect the LAW of the people. The court has been treating me as a CORPORATION an entity or that that's not birth by human being denoting me as a [fictitious] entity which is FRAUD! [A]ll government derive [their] authority from the law of the people. [Their] sole purpose is to secure preserve[] and protect the birthrights of the people. They can never regulate a people/Natural Person but can regulate a person all day long. Imposing any statutes upon me a Natural Person Moorish

2

American 'In Full Life' are by their actions presenting prima facia [evidence] that they are imposing the 14th [A]mendment on the people. THIS HOWEVER IS FRAUD! Which the 14th [A]mendment was never RATIFIED.

(Id. at 5–6).

To the extent plaintiff argues that, as a "natural person Moorish American national," he is not subject to the jurisdiction of state or federal courts or is immune from criminal prosecution, such claims have been soundly rejected. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); United States v. Underwood, 726 F. App'x 945, 948 (4th Cir. 2018) ("[C]ourts have concluded that claims similar to Underwood's–asserting that an individual proclaiming himself a free and sovereign citizen not subject to the jurisdiction of federal courts– 'ha[ve] no conceivable validity in American law.'" (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990))); United States v. White, 480 F. App'x 193. 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."); Joiner v. Perry, No. 1:14-cv-00509, 2014 WL 2930724, at *2 (M.D.N.C. June 27, 2014) (stating Petitioner's arguments regarding "the jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, the status of Petitioner's body as a vessel, social security insurance, and interstate commerce are all irrelevant and Petitioner's claims based on these matters are meritless.").

3

The claims against defendant Small Claims Court in Wayne County must be dismissed because it is not a person subject to suit under § 1983, and the Eleventh Amendment of the United States Constitution bars claims against state agencies. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Virginia Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 188–89 (4th Cir. 2005); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Furthermore, claims against the Small Claims Court are barred by judicial immunity. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) ("[T]he common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process); Jarvis v. Chasanow, 448 F. App'x 406, 406 (4th Cir.2011) (providing individuals playing an integral part in the judicial system and clerk's office employees are entitled to quasi-judicial immunity).

The court next addresses plaintiff's claims against defendant Bland. These claims are also barred by absolute judicial immunity because plaintiff's allegations pertain to defendant Bland's alleged actions taken within his capacity as a judicial officer. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice" and "'applies even when the judge is accused of acting maliciously and corruptly.'" (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967))).

The court now considers plaintiff's claims against defendant Delbridge. Although plaintiff refers to small claims court, it appears plaintiff's allegations address Delbridge's prosecutorial actions in an underlying state criminal case. (See Compl. [D.E. 5] at 5). Such claims are barred by prosecutorial immunity. See Safar v. Tingle, 859 F.3d 241, 248-49 (4th Cir. 2017).

4

To the extent plaintiff instead seeks intervention in ongoing state court proceedings pursuant to alleged civil rights violations, under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37, 43 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975) (noting Younger abstention doctrine exceptions). Here, the court finds Younger abstention appropriate and that no exception to the doctrine applies. See Nivens, 319 F.3d at 153.

To the extent plaintiff challenges a final state court decision, such claims are barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker-Feldman doctrine [bars a federal court from considering] . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Quinn v. N. Carolina Dep't of Health & Hum. Servs., No. 3:20-CV-169-GCM, 2020 WL 4468728, at *3 (W.D.N.C. Aug. 4, 2020) ("In addition to the issue of sovereign immunity, '[f]ederal courts have no general power to compel action by state courts. Nor do [they] have jurisdiction to review state court orders.'").

Lastly, the court denies plaintiff's request for a writ of mandamus compelling defendants to take certain actions in the underlying state court case. (See Compl. [D.E. 5] at 8). This court does not have the authority to issue a writ of mandamus as to state officials. See Gurley v. Superior

5

Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). Further, a writ of mandamus is a drastic remedy that the court may invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). A movant must first "exhaust[] all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)). Plaintiff fails to show clear entitlement to this extraordinary remedy.

## CONCLUSION

For the reasons discussed above, the court DISMISSES this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2024.

RICHARD E. MYERS, II
Chief United States District Judge

6